## U.S. BANKRUPTCY COURT
### District of South Carolina

Case Number: **10-08017-hb**
Adversary Proceeding Number: **11-80173-hb**

### ORDER DENYING DEFENDANT'S MOTION TO VACATE

The relief set forth on the following pages, for a total of 8 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**01/03/2012**



US Bankruptcy Judge
District of South Carolina

Entered: 01/04/2012

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>William L Stein,<br><br>                                           Debtor(s). | C/A No. 10-08017-HB<br><br>Adv. Pro. No. 11-80173-HB<br><br>Chapter 7 |
| M&I Equipment Finance Company,<br><br>                                           Plaintiff(s),<br><br>v.<br><br>William L Stein,<br><br>                                           Defendant(s). | **ORDER DENYING DEFENDANT'S MOTION TO VACATE** |

This adversary proceeding was initiated on October 17, 2011, when Plaintiff filed its Complaint asserting that certain debts owed to it are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2) and (6).[1] Plaintiff asserted that Defendant, either individually or through authorized agents, defrauded Plaintiff when obtaining loans.[2] Therefore, Plaintiff alleged that Defendant obtained property and extensions of credit by false pretenses, false representations, and actual fraud, and that the resulting debt is excepted from discharge pursuant to § 523(a)(2).[3] Further, Plaintiff alleged that Defendant willfully and/or

---

[1] Doc. No. 1. Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, will be by section number only.

[2] *See id.* at 5, ¶ 12 (asserting that the allegations regarding the execution of the loan documents at issue "were confirmed by Orders of the Court of Common Pleas of Anderson County, South Carolina by Orders filed on December 9, 2009 and March 25, 2010").

[3] Section 523(a)(2) provides:
    A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—
      (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
        (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
        (B) use of a statement in writing—
          (i) that is materially false;

maliciously injured Plaintiff's property, precluding the debt from being discharged under § 523(a)(6)[4] in his Chapter 7 bankruptcy case.[5]

According to the Certificate of Service filed by Plaintiff[6] and subsequent Affidavit[7], the Summons and Complaint containing these allegations were mailed to Defendant, as well as a courtesy copy to Defendant's counsel of record in the bankruptcy case, on October 19, 2011, via first class mail.  The Summons and Complaint were directed to Defendant and sent to the address listed as the mailing address on the docket for Defendant's bankruptcy case.[8] There is no dispute that this is Defendant's residence.[9]

On November 21, 2011, after the time period expired for Defendant to answer or respond to the Complaint, Plaintiff filed an Affidavit of Default.[10]  Thereafter, a Clerk's Entry of Default was filed on the docket on November 22, 2011[11], and a copy of that entry was served on Defendant by the Bankruptcy Noticing Center on November 24, 2011.[12]  On November 30, 2011, the Court issued a Hearing Notice scheduling a hearing on Plaintiff's damages set forth in the Affidavit of Default and proposed order and judgment, which notice

---

(ii) respecting the debtor's or an insider's financial condition;
(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
(iv) that the debtor caused to be made or published with intent to deceive . . .

11 U.S.C. § 523(a)(2) (2011).

[4] *Id.* at 6, ¶¶ 13-16.  Section 523(a)(6) states that any debt "for willful and malicious injury by the debtor or another entity or to the property of another entity" is excepted from discharge. 11 U.S.C. § 523(a)(6).

[5] *In re Stein*, C/A No. 10-08017-hb (Bankr. D.S.C. Dec. 28, 2010).  Defendant's bankruptcy case was commenced by involuntary petition on November 8, 2010. (Doc. No. 1).  Plaintiff later joined in the request for relief. *See* Doc. No. 23.  After a contested hearing, an Order for Relief was entered on December 28, 2010. (Doc. No. 31).  Subsequently, after notice to Defendant and an opportunity for a hearing, Plaintiff was granted, without objection, an extension of time to file a Complaint objecting to discharge or dischargeability. (Doc. No. 129).

[6] Doc. No. 3, filed Oct. 19, 2011.

[7] Doc. No. 14, filed Dec. 22, 2011.

[8] *See* C/A No. 10-08017-hb (listing Defendant's address as 506 Jackson Square, Anderson, SC, 29625).

[9] Tr. of Hr'g at 26, ln. 18-19 (Doc. No. 49, C/A No. 10-08017-hb, entered Jan. 20, 2011) (confirming this address as Defendant's residence).

[10] Doc. No. 4, filed Nov. 21, 2011.  Am. Aff. of Default, Doc. Nos. 9 & 10, filed Dec. 7, 2011 (correcting and setting forth in detail expenses and attorney's fees).

[11] Doc. No. 5.

[12] Doc. No. 6.

2

was served on Defendant and his counsel in the bankruptcy case. That Notice provided that any objections to that request must be filed with the Court by December 19, 2011.[13] No responsive document was filed by that date.

Instead on December 20, 2011, a Motion to Vacate[14] and Defendant's supporting Affidavit were filed by counsel that represented the Defendant in the bankruptcy case.[15] Prior to that time, counsel had not made an appearance in this adversary. The Affidavit dated December 8, 2011, states that Defendant never received the Summons and Complaint.[16] It further states that "some of my mail has been going to 1 American Way, Anderson, SC 29621. . . . I have a meretorious [sic] defense to this action. . . . I did not sign any of the documents referenced in the Summons and Complaint."[17] A hearing for this matter was scheduled and noticed for the same date as the damages hearing.

On December 22, 2011, Plaintiff filed an Affidavit further detailing the original service of the Summons and Complaint, which also provided that none of Plaintiff's mailings have been returned as undeliverable.[18]

These matters came before the Court for hearing on December 29, 2011. Defendant testified at the hearing in support of his Motion to Vacate. He contends that he did not receive the Summons and Complaint until after the Clerk's Entry of Default. Although counsel for the Defendant stated that he also mailed a copy of the Summons and Complaint (courtesy copy) that he received to Defendant at his residence, Defendant testified that he did not receive this copy at his residence either. Defendant stated that both packets of

---

[13] Doc. Nos. 7 & 8.
[14] Doc. No. 11.
[15] Doc. No 12.
[16] *Id.* at 1-2, ¶¶ 5-6.
[17] *Id.* at 2, ¶¶ 7, 10-11.
[18] Doc. No. 14 at 2, ¶ 8.

3

documents were actually found after the default at an address where his former family business was located, as set forth in his Affidavit.[19] Defendant testified that as far as he is aware, these are the only items of mail that were addressed to his residence but found at the business address. Defendant testified that he has not directed the post office to forward his mail to the business address nor has he directed anyone else to do so on his behalf. In addition, he stated that he is not aware of any reason why these two pieces of mail would have been delivered to that address. Despite this, Defendant testified that he has not contacted the post office to notify it of this irregularity or to inquire about this alleged problem.

Defendant further testified that as stated in his Affidavit, he has a defense to this action because he did not sign any loan documents referenced in Plaintiff's Complaint. However, after a review of the record in the bankruptcy case, there is ample evidence to contradict this denial.[20]

Pursuant to Fed. R. Civ. P. 55(c), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7055, "[t]he court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). "[T]he decision to set aside an entry of default pursuant to Rule

---

[19] The business, American Screw and Rivet Corp., with an address of 1 American Way, Anderson, SC 29621, was also subject to an involuntarily petition for Chapter 7 relief. (Doc. No. 1, C/A No. 10-08015-hb, Nov. 8, 2010). Order for Relief was subsequently granted by this Court. (Doc. No. 64, C/A No. 10-08015-hb, Dec. 28, 2010).

[20] *See* Tr. of Hr'g (Doc. No. 49, C/A No. 10-08017-hb); *see also Order Granting Involuntary Petition*, Doc. No. 42 at 3-5, filed Jan. 6, 2011 (acknowledging Defendant's argument that he never borrowed money from this creditor nor executed guarantees, and where he denied that he was indebted to Plaintiff. However, the Court also received evidence that on March 22, 2010, Plaintiff was granted a judgment against Defendant in state court in the amount of $697,500.00, based on a finding of fact by the state court judge that Defendant "absolutely, unconditionally, and irrevocably guaranteed the full and prompt payment and discharge when due" of the debt. Defendant did not appeal or timely challenge these judgments, but instead argued at the hearing on the involuntary petition that the documents that led to the judgment involved forgeries. The record indicates that he was represented by counsel in that state court matter, as well as at the hearing on the involuntary petition. After receiving Defendant's testimony challenging the validity of the debt, this Court found that he "failed to present any credible testimony or evidence . . . that there is any bona fide defense to the M & I Judgment" that is the basis of this adversary proceeding).

4

7055(c) is left to the sound discretion of the court." *JP Morgan Chase Bank, N.A. V. Pandolfelli*, Adv. Nos. 09-02068 (DHS), 09-03070 (DHS), 09-02075 (DHS), 2010 WL 3745123, at *4 (Bankr. D.N.J. Sept. 14, 2010) (citing *Bailey v. United Airlines*, 279 F.3d 194, 203 (3d Cir. 2002)). However, the Court is to consider the following factors when determining whether to set aside an entry of default:

> (1) the promptness of the defaulting party, (2) the presence or absence of a meritorious defense, (3) whether the party or counsel bears the responsibility for the default, (4) the prejudice that would result to the innocent party, (5) whether the defaulting party has a history of dilatory conduct, and (6) the availability of sanctions less drastic.

*Charleston Area Fed. Credit Union v. Duffy (In re Duffy)*, 428 B.R. 192, 196 (Bankr. D.S.C. 2010) (quoting *Colleton Preparatory Acad., Inc. v. Beazer E., Inc.* 223 F.R.D. 401, 405-06 (D.S.C. 2004) (finding that courts should apply the same factors to set aside a default judgment under Rule 60(b) to set aside an entry of default pursuant to Rule 55(c). However, "these factors should be applied more leniently when the action is one under Rule 55 as opposed to one under Rule 60 . . .")). "To establish a meritorious defense, the defendant must do more than merely allege that he has one. A defendant must allege facts which, if established on trial, would constitute a complete defense to the action. The defenses must be more than 'conclusory statements' or 'mere denials.'" *Pandolfelli*, 2010 WL 3745123, at *5 (internal quotation marks and citations omitted)

After a review of the record in this adversary proceeding, the record in Defendant's bankruptcy case, and the relevant case law and standards set forth above, the Court concludes that Defendant has not demonstrated that the Clerk's Entry of Default should be set aside pursuant to Rule 7055(c).

5

Defendant did not show the Court a meritorious defense because his only defense to this adversary proceeding articulated is that he was not involved with the execution of the loan documents. As the record clearly indicates, the state court already made contrary findings of fact with regard to his involvement[21], and this Court has already heard and considered Defendant's testimony on this point.

Plaintiff mailed the Summons and Complaint to the proper address for Defendant's residence as allowed by applicable rules and law[22] and Plaintiff had no control over it being allegedly misdirected. After a review the record, after considering Defendant's failure to inquire as to why certain pieces of mail were being sent to an incorrect address, and having the opportunity to observe Defendant's credibility as a witness, the Court is not convinced that he has shown any reason that he should be excused from his failure to provide a timely response to the Summons and Complaint. Further, after reviewing the district court's order on appeal and the transcripts of hearings in Defendant's bankruptcy case, it appears Defendant has a history of dilatory conduct in this matter.[23]

Finally, Defendant has not shown that he was prompt in his actions to respond to the default. After due notice, he missed another deadline when he failed to file a timely response to Plaintiff's request to enter a judgment. He clearly knew that he was in default well before that deadline because he executed an Affidavit on December 8, 2011, indicating this knowledge. However, that Affidavit was filed with a Motion to Vacate after the time for objecting to Plaintiff's requested relief had expired. While that fact indicates some effort

---

[21] *See id.*; *see also supra* note 2.

[22] *See* Fed. R. Bankr. P. 7004(b)(1) ("service may be made within the United States by first class mail postage prepaid . . . [u]pon an individual . . . by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode . . .").

[23] Doc. No. 180 at 3, C/A 10-08017-hb, entered Dec. 16, 2011 (dismissing an appeal filed by Defendant, the district court found that the "record in this case demonstrates [Defendant]'s repeated failure to adhere to deadlines both in this court and the bankruptcy court. This pattern of dilatory conduct constitutes bad faith and negligence").

to address the situation, it does not convince the Court that Defendant acted promptly under the circumstances.

As the majority of the factors for the Court to consider weigh heavily in favor of Plaintiff, Defendant has not convinced the Court that good cause exists to vacate the entry of default in this matter. Accordingly, Defendants Motion to Vacate is **denied**, and the Court will enter a separate order on Plaintiff's request for entry of a default judgment.

**AND IT IS SO ORDERED.**